NOT DESIGNATED FOR PUBLICATION

No. 117,394

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYONIA M. WEEMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed September 22, 2017. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ

PER CURIAM:  Tyonia M. Weems appeals the district court's decision to revoke her probation and impose the underlying prison sentence. We granted Weems' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48), which, in its response, the State did not contest. After review, we affirm the district court.

In November 2012, after pleading guilty to two counts of violating the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., Weems was sentenced to 120 months in prison plus 24 months of postrelease supervision but was granted a dispositional departure to 36 months' probation. In July 2015, the State sought to revoke Weems' probation, alleging, among other things, that Weems had absconded and had committed a

new crime. At her probation violation hearing Weems stipulated to these alleged violations. As a result, the district court revoked Weems' probation and imposed the underlying prison sentence but reduced the sentence to 75 months.

On appeal, Weems argues the district court abused its discretion by revoking her probation and imposing the underlying prison sentence. A judicial action constitutes an abuse of discretion if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. ___, Syl. ¶ 7, 398 P.3d 856, 859 (2017). Weems bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). Here, because Weems admitted she had violated her probation by absconding and committing a new crime, the district court had the discretion to revoke her probation. See K.S.A. 2016 Supp. 22-3716(c)(8); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). Because a reasonable person could have taken the same position as did the district court, we conclude the court did not abuse its discretion in revoking Weems' probation and imposing the underlying prison sentence.

Affirmed.